UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.   Case No: 6:17-cv-1257-Orl-37TBS

HARDCO HOLDING GROUP LLC, S & H
FINANCIAL GROUP, INC., DARYL M.
HALL and DEQUAN M. SICARD,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court are the following related motions: First Motion for Allowance and Payment of Compensation and Reimbursement of Expenses to Receiver Brian A. McDowell (Doc. 48) and First Motion for Allowance and Payment of Compensation and Reimbursement of Expenses to Holland & Knight LLP as Attorneys for Receiver (Doc. 49). Upon consideration, I respectfully recommend that the motions be granted in part.

### Background

Plaintiff, Federal Trade Commission ("FTC"), commenced this civil action on July 10, 2017, pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), and Section 814(a) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692l(a) (Doc. 1). The FTC alleges that Defendants, through a common enterprise, engaged in a scheme to defraud consumers through the collection of payments for debts that consumers did not actually owe or that Defendants did not have authority to collect. On motion by the FTC (Docs. 4, 6), the Court entered an ex parte temporary restraining order

(the "TRO"), freezing Defendants' assets, appointing Brian A. McDowell as temporary receiver ("Receiver"), and granting other equitable relief against Defendants (Doc. 15). On July 20, 2017, the FTC, Receiver, and Defendants Hardco Holding Group LLC, S&H Financial Group Inc., and Daryl Hall stipulated to the entry of a preliminary injunction (Doc. 27). The Court granted the consent motion for preliminary injunction against the stipulating Defendants and entered a preliminary injunction against Defendant Dequan Sicard on July 25, 2017 (Docs. 35, 36).

Pursuant to the TRO and the preliminary injunction, the Receiver was authorized to engage attorneys the Receiver deemed advisable or necessary in the performance of his duties (Doc. 15 at 16; Doc. 25 at 20). Further:

> COMPENSATION FOR RECEIVER
>
> XIV. IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Receivership Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

See Doc. 15 at 16 and 27; Doc. 35 at 28-29. The instant motions are the first requests made pursuant to this provision.

## Discussion

### Standards of Law

The Receiver is entitled to reasonable compensation and expenses, pursuant to the Order of appointment. The Court has traditionally determined reasonableness by

- 2 -

utilizing the familiar lodestar approach, calculating a reasonable hourly rate in the relevant market and the reasonable number of hours expended. See, e.g., S.E.C. v. Aquacell Batteries, Inc., No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, *3 (M.D. Fla. Jan 31, 2008); F.T.C. v. Peoples Credit First, LLC, No. 8:03-cv-2353-T-17TBM, 2005 WL 3981599, at * 3 (M.D. Fla. April 19, 2006) (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)); see also Norman v. Hous. Auth., 836 F.2d 1292, 1299-1302 (11th Cir. 1988). Similarly, requests for reimbursement of expenses must be supported by sufficient information for the Court to determine that they are actual and were necessarily incurred. See Peoples Credit First, LLC, 2005 WL 3981599, at * 5; see also In re Southeast Banking Corp., 314 B.R. 250, 271 (S.D. Fla. 2004).

In awarding attorney's fees, the Court must (1) determine the nature and extent of the services rendered; (2) determine the value of those services; and (3) consider the factors set forth in Johnson, supra. Part of "determining the nature and extent of the services rendered" includes an analysis as to the reasonableness of the services rendered, bearing in mind the nature of a receivership. As the Supreme Court has noted:

> The receiver is an officer of the court, and subject to its directions and orders ....[H]e is ... permitted to obtain counsel for himself, and counsel fees are considered as within the just allowances that may be made by the court....So far as the allowances to counsel are concerned, it is a mere question as to their reasonableness....The compensation is usually determined according to the circumstances of the particular case, and corresponds with the degree of responsibility and business ability required in the management of the affairs intrusted to him, and the perplexity and difficulty involved in that management.

Stuart v. Boulware, 133 U.S. 78, 81-82 (1890).

The Receiver and all professionals must exercise proper billing judgment in seeking fees from the receivership estate, and should limit their work to that which is reasonable and necessary. See, e.g., Peoples Credit First, LLC, 2005 WL 3981599, at *4.

"No receivership is intended to generously reward court-appointed officers." S.E.C. v. W. L. Moody & Co., 374 F.Supp. 465, 483 (S.D. Tex. 1974), *aff'd*, 519 F.2d 1087 (5th Cir. 1975)). This is particularly true when, as here, the receivership estate will not recover sufficient assets to pay full restitution to the victims of the misconduct alleged in the complaint.

In determining the reasonableness of a receivership fee the Court may consider: (1) the results achieved by the Receiver; (2) the ability, reputation and professional qualities of the Receiver necessary for the job; (3) the size of the receivership estate and its ability to afford the expenses and fees; and (4) time required to conclude the receivership. See Moody, supra, 374 F.Supp. 465, 480-83. In the end, "[w]hether a receiver merits a fee is based on the circumstances surrounding the receivership, and 'results are always relevant.'" S.E.C. v. Elliott, 953 F.2d 1560, 1577 (11th Cir. 1992) (quoting S.E.C. v. Moody, supra).

Analysis

*Motion for Receiver Compensation (Doc. 48)*

The Receiver seeks allowance and payment of compensation for services he rendered during the time period from July 10, 2017 through August 31, 2017.The Receiver expended 96.20 hours of professional service during this time period, at a rate of $400 per hour. He now seeks an Order awarding him $37,768.85 in compensation and $1,640.72 in reimbursement of expenses, for a total of $39,409.57. The motion is accompanied by a summary of the time expended and Mr. McDowell's professional biography. It is represented that the FTC and all Defendants appearing in the case[1] have

---

[1] Mr. Sicard was personally served in this matter on September 6, 2017 (Doc. 45) and it appears from the Proof of Service that he is presently incarcerated in Illinois. The Local Rule 3.01(g) certification in the instant motion represents that the Receiver attempted to contact Mr. Sicard but he did not respond. As

no objection to the relief sought. Reviewing the appropriate factors supports the request, with a slight reduction of expenses.

1. Results achieved by the Receiver and ability to afford fees and expenses

The Receiver represents that through his efforts, he is currently holding $30,086.12 in the receivership account, with approximately $49,661.29 that is held at various financial institutions and subject to the asset freeze. The Receiver anticipates that all or a substantial portion of those funds will be transferred to the receivership account. While I have no doubt that the Receiver has worked hard to marshal these assets, the amount he seeks here ($39,409.57) exceeds the current balance of the receivership account. When coupled with the amount sought by his counsel ($37,223.50 in fees and expenses) and the likelihood that some additional compensation will be necessary to close out the receivership, it appears that fees and costs will all but eliminate the estate. Thus, the results achieved are disproportionate to the effort expended.

Normally, such a situation counsels against a full award, in order to preserve a portion of the estate for the intended beneficiaries. However, the FTC has advised that based on the limited amounts recovered and the costs associated with redress to consumers, it does not anticipate implementing a process for redress to consumers adversely affected by the Defendants (Doc. 48, n. 2). And, there is no objection raised by any appearing party and no indication that the Receiver and his counsel knew that the time spent would yield these limited returns. I therefore conclude that the limited results of the Receiver's efforts is not a reason to reduce an otherwise reasonable award.

---

Mr. Sicard has made no timely appearance in this case, he is in default.

2. Ability, reputation and professional qualities of the Receiver/ the Johnson factors.

The Receiver states that the hourly rate charged by him is "at or well below the customary rates of those charged by attorneys of comparable experience and skills from other law firms located in the Middle District of Florida." He notes that his customary hourly rate when acting as counsel is $550.00, and he has agreed to discount his hourly rate to $400.00 for this matter.

Mr. McDowell is well-known to the Court, and his experience and skill, as detailed in the biographical information attached to the motion, support the generous rate he claims. My only objection, as noted above, is that this rate serves to erode a limited estate that much quicker. Nonetheless, the remaining Johnson factors support the rate,[2] and the Receiver has exercised a degree of billing judgment.[3] These factors support the request.

3. Time required to conclude receivership.

The motion is unclear as to what steps will be pursued to bring this matter to a final conclusion. I assume some additional work will be required and that it will be limited, in view of the size of the estate and the decision to forego a formal claim process. This factor is therefore neutral in the analysis.

---

[2] The case does not appear to be novel or complex, although the nature of Defendants' business practices was unusual. Acceptance of the work did not preclude the Receiver from other employment. His fee is below that usually charged for his work as counsel. As his compensation is subject to Court approval, the work performed by the Receiver was contingent, in that respect. The nature of a receivership is such that some time limitations were imposed. There is nothing undesirable about the work. Obviously, the Receiver has no professional relationship with Defendants, so this factor is not relevant.

[3] The Receiver has agreed with counsel for the FTC to discount the total amount sought in this Motion by $711.15. I assume the reduction was made prior to the motion being brought and that the sums requested include the discount.

After considering all of these factors, I recommend approval of the Receiver's hourly rate, hours worked, and total fees sought for the work done by the Receiver ($37,768.85). The hourly rate and the nature and amount of time spent is reasonable and consistent with approvals in other cases in this district. See, e.g. <u>FTC v. J. William Enterprises, LLC, et al.,</u> Case No. 6:l6-cv-02123-GAP-DCI (M.D. Fla. Oct. 2, 2017).

With respect to expenses, the total amount includes $146.32 for meals, including lunch and snacks on August 1, 2017. The Receiver lists no authority which allows for this item as a recoverable expense in a receivership context. I therefore recommend that it be excluded from any expense award.

It is **respectfully recommended** that the motion be **granted, in part** as follows:

1. The Court enter an Order awarding the Receiver $37,768.85 in compensation for services rendered and $1,494.40 in reimbursement of expenses.

2. The Court authorize the Receiver to pay the amounts awarded as the funds become available from the Receivership Account.

*Motion for Attorney Compensation (Doc 49)*

The Receiver seeks allowance and payment of compensation to compensate Holland & Knight LLP ("H&K") for services rendered during the time period from June 27, 2017 through August 31, 2017. H&K claims $37,123.50 in legal fees and $200.00 in expenses for this time period, consisting of 109.40 hours of work performed by the following professionals, at rates ranging from $210 to $400 per hour:

| NAME | BAR ADMISSION | BILLED RATE | TOTAL HOURS WORKED | TOTAL AMOUNT BILLED |
|---|---|---|---|---|
| Davis, R. | 2010 | $325.00 | 2.1 | $682.50 |
| Fitzgerald, E. | 2005 | $400.00 | 45.10 | $18,040.00 |

| Gilbert, S. | 1996 | $400.00 | 28.10 | $11,240.00 |
| Jenkins, H. | 2015 | $210.00 | 34.10 | $7,161.00 |
| **SUBTOTAL** | | | **109.40** | **$37,123.50** |

The motion is accompanied by professional biographies of the four attorneys and a time and expense report. As with the motion for Receiver's compensation, the motion is not opposed by any appearing party. Review of the Johnson factors supports recommendation of a somewhat more limited award.

*Time and labor required, amount involved and results obtained*

As detailed in the time and expense report, counsel spent time assisting the Receiver to marshal and inventory the assets. While I find most of this time to be appropriate, I note that the request includes time spent *prior* to appointment of the Receiver and, indeed, prior to the suit being filed. I assume the June 27, 2017 entry of Edward Fitzgerald to "prepare Receiver's application to FTC" was in the nature of obtaining the FTC's recommendation of Mr. McDowell for temporary receiver. See Doc. 7. While there is nothing inappropriate about such activity, it is in the nature of business development for the firm, not assistance to the Receiver or the estate, and is not appropriately recoverable here. I recommend deducting the .50 hours charged ($200).

As for the other time charges, I reiterate my reluctance to allow an award of substantially all of the time charged, in view of the limited assets of the estate. The results obtained would not normally justify the expenditure of this much time and expense. Viewed on its own merits, however, the time and labor spent seems reasonable for the reasons set forth above.

### Novelty and Difficulty of the Issues

This factor is neutral. As the motion notes, the preservation of physical assets issues were typical of a receivership, but the nature of the Defendants' debt collection practices presented unique issues.

### Skill Required

H&K are well experienced in receivership matters and the docket reflects no exceptional expertise was required. This factor supports an award that is in keeping with a usual-not exceptional-case.

### Preclusion from other work and undesirability of the case

H&K represents that it was not precluded from other work and the case was not undesirable. These factors are neutral.

### Contingent Nature of the Representation

H&K's compensation in this matter is subject to final Court approval and is, in that sense, contingent. This factor favors a full award.

### Time Limitations

This case has imposed time limitations on H&K because of the need to resolve many issues rapidly and efficiently, including but not limited to the asset seizure to preserve the assets of the receivership. This factor favors the requested award.

### The Nature and Length of the Professional Relationship

H&K had no professional relationship with the Defendants or any of their respective principals or employees prior to the institution of this case, but H&K has served as counsel for receivers in other actions commenced by the FTC. This factor is neutral.

### The Experience, Reputation and Ability of Counsel and Customary Fee

In addition to the Receiver, four attorneys worked on this file. According to the

biographical information provided, Ms. Jenkins was admitted to the bar in 2015. Her rate of $210 for a newly minted attorney is on the high side in this community, but is not so high as to be unreasonable. Mr. Davis is an associate with more experience and his rate is represented to be at or below that charge by attorneys of comparable experience and skills in this area. Mr. Fitzgerald is senior counsel, with particularized experience in bankruptcy, creditor's rights and commercial litigation. His rate ($400) is within a reasonable range for such experienced counsel. Ms. Gilbert, a partner at the firm, represents that she has discounted her customary rate from $605.00 to $400.00 for this matter. This rate is reasonable for partner level work in this area. Absent objection, I find these rates to be within the range awarded in this district for similar services by this firm. See, e.g., FTC v. Direct Benefits Group, LLC, Case No. 6:11-cv-1186-ORL-28TBS (M.D. Fla. Nov. 18, 2013) (discussing hourly rates between $210 and $400 – agreed to by the FTC).

Considering the totality of all of the factors, an award of $36,923.50 ($37,123.50 minus $200) in legal fees is reasonable and should be approved.

The firm claims $200.00 in expenses, itemized as $100 to Hartford Fire Insurance Company for "insurance bill" and $100 to The Hartford as "Fee for Receiver's Bond." (Doc. 49 at 14). I am not sure what insurance was purchased here and the purchase of insurance is not an expense usually incurred by law firms and passed on to clients. Absent an explanation, I recommend that it not be awarded. The fee for the Receiver's bond is recoverable, although I would have expected it to be included in the Receiver's motion for compensation. I recommend an award of $100 in expenses.

It is **respectfully recommended** that the motion be **granted, in part** as follows:

1. The Court enter an Order awarding Holland & Knight LLP $36,923.50 in compensation for services rendered and $100 in reimbursement of expenses.

2. The Court authorize the Receiver to pay the amounts awarded as the funds become available from the Receivership Account.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 3, 2017.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties