UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                                                                                   Case No:   6:17-cv-1257-Orl-37TBS

DEQUAN M. SICARD,

    Defendant.
_____

## REPORT AND RECOMMENDATION

Pending before the Court are the Second and Final Motion for Allowance and Payment of Compensation and Reimbursement of Expenses to Receiver Brian A. McDowell (Doc. 82), and Second and Final Motion for Allowance and Payment of Compensation and Reimbursement of Expenses to Holland & Knight LLP as Attorneys for Receiver (Doc. 83).

### Background

Plaintiff, Federal Trade Commission ("FTC"), commenced this civil action on July 10, 2017, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 814(a) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692l(a) (Doc. 1). In its complaint, the FTC alleges that Defendants, through a common enterprise, engaged in a scheme to defraud consumers through the collection of payments for debts consumers did not actually owe or that Defendants did not have authority to collect. On motion by the FTC (Docs. 4, 6), the Court entered an ex parte temporary restraining order ("the TRO"), freezing Defendants' assets, appointing Brian A. McDowell as temporary receiver ("Receiver"), and granting other equitable relief (Doc.

15). On July 20, 2017, the FTC, Receiver, and Defendants Hardco Holding Group LLC, S&H Financial Group Inc., and Daryl Hall stipulated to the entry of a preliminary injunction (Doc. 27). The Court granted the consent motion against the stipulating Defendants and entered a preliminary injunction against Defendant Dequan Sicard on July 25, 2017 (Docs. 35, 36).

Pursuant to the TRO and Preliminary Injunction, the Receiver was authorized to engage attorneys he advisable or necessary in the performance of his duties (Doc. 15 at 16; Doc. 25 at 20). Further:

> COMPENSATION FOR RECEIVER
>
> XIV. IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Receivership Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

(See Doc. 15 at 16 and 27; Doc. 35 at 28-29). The Receiver and his counsel filed previous motions for reimbursement and compensation (Docs. 48, 49) and, on my recommendation, the District Court granted those motions in part (Docs. 50, 58).

On September 6, 2017, Defendant Sicard was served with a summons and the complaint (Doc. 45). He failed to respond and the FTC moved for a clerk's default, which was entered on October 5, 2017 (Docs. 51-53).

On November 16, 2017, the Court granted, in part, a stipulated motion to stay the case to consider a settlement agreement between the FTC and the three appearing Defendants, and directed the FTC to file a motion for default judgment as to Sicard (Doc. 59). The FTC filed a Motion for Entry of Default Judgment against Sicard on November 22, 2017 (Doc. 64). Then, the FTC filed a Stipulation to Enter a Final Order for Permanent Injunction and Settlement of Claims as to Remaining Defendants Hardco Holding Group LLC, S&H Financial Group Inc., and Daryl Hall (Doc. 66). The stipulation asked the Court to enter a proposed final order (Doc. 66-1) and the Court obliged (Doc. 67). Because the stipulation and order provided for a judgment amount that differed from the amount sought in the motion for default judgment against Sicard, I denied the motion (Doc. 68), pending explanation. The FTC filed a supplement to the motion, to correct the "inadvertent error regarding the amount of total consumer injury." (Doc. 69). The motion was then granted, and the Court awarded injunctive and monetary relief against Sicard (Docs. 70, 75).

On June 6, 2018, The Receiver filed his Final Report, advising that:

> To date, the Receiver has recovered and deposited $81,190.54 to the Receiver's bank account (the "Receivership Account"). The Receiver's total receipts and disbursements as of June 5, 2018, are as follows:
>
> Receipts:         $ 81,190.54
>
> Disbursements:    $ 76,296.75
>
> Balance:          $ 4,893.79
>
> The Receiver has terminated and wound-up all business activities of Hardco Holding Group, LLC and S&H Financial Group, Inc. (collectively, the "Receivership Defendants"). All administrative expenses of the Receivership estate, other than the outstanding Receiver's fees and attorney's fees, have been paid or otherwise avoided. Following the entry of the Permanent Injunction against the Receivership Defendants

- 3 -

> (Doc. No. 67), the Receiver contacted each financial institution identified in Section IV B.1.a-f. therein, and all funds in the listed accounts, if any, have been recovered and transferred to the Receivership Account.
>
> In addition, the Receiver will dispose of all remaining computers and call center office equipment currently stored at the Receiver's office. The Receiver has determined that the costs of liquidation of this equipment will exceed any financial benefit to the receivership estate. Accordingly, the equipment will be disposed of by charitable donation, if possible.
>
> The Receiver's above-stated activities finalize all necessary action of the Receiver other than determining and making fee payments to the Receiver and Receiver's legal counsel and transferring any remaining funds to Plaintiff.

(Doc. 81). The instant motions followed.

## Discussion

### Standards of Law

The Receiver is entitled to reasonable compensation and expenses, pursuant to the Order of appointment. The Court has traditionally determined reasonableness by utilizing the familiar lodestar approach, calculating a reasonable hourly rate in the relevant market and the reasonable number of hours expended. See, e.g., S.E.C. v. Aquacell Batteries, Inc., No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, *3 (M.D. Fla. Jan 31, 2008); F.T.C. v. Peoples Credit First, LLC, No. 8:03-cv-2353-T-17TBM, 2005 WL 3981599, at * 3 (M.D. Fla. April 19, 2006) (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)); see also Norman v. Hous. Auth., 836 F.2d 1292, 1299-1302 (11th Cir. 1988). Similarly, requests for reimbursement of expenses must be supported by sufficient information for the Court to determine that the expenses are actual and were necessarily incurred. See Peoples Credit First, LLC, 2005 WL 3981599, at * 5; see also In re Southeast Banking Corp., 314 B.R. 250, 271 (S.D. Fla. 2004).

In awarding attorney's fees the Court must (1) determine the nature and extent of the services rendered; (2) determine the value of those services; and (3) consider the factors set forth in Johnson, supra. Part of "determining the nature and extent of the services rendered" includes an analysis of the reasonableness of the services rendered, bearing in mind the nature of a receivership. As the Supreme Court has noted:

> The receiver is an officer of the court, and subject to its directions and orders .... [H]e is ... permitted to obtain counsel for himself, and counsel fees are considered as within the just allowances that may be made by the court.... So far as the allowances to counsel are concerned, it is a mere question as to their reasonableness.... The compensation is usually determined according to the circumstances of the particular case, and corresponds with the degree of responsibility and business ability required in the management of the affairs intrusted to him, and the perplexity and difficulty involved in that management.

Stuart v. Boulware, 133 U.S. 78, 81-82 (1890).

The Receiver and his professionals must exercise proper billing judgment in seeking fees from the receivership estate, and should limit their work to that which is reasonable and necessary. See, e.g., Peoples Credit First, LLC, 2005 WL 3981599, at * 4. After all, "[n]o receivership is intended to generously reward court-appointed officers." S.E.C. v. W. L. Moody & Co., 374 F.Supp. 465, 483 (S.D. Tex. 1974), aff'd, 519 F.2d 1087 (5th Cir. 1975)). This is particularly true when, as here, the receivership estate will not recover sufficient assets to pay full restitution to the victims of the wrongdoing alleged in the complaint.

The factors in determining the reasonableness of a receivership fee may include (1) the results achieved by the Receiver; (2) the ability, reputation and professional qualities of the Receiver necessary for the job; (3) the size of the Estate and its ability to afford the expenses and fees; and (4) the time required to conclude the receivership. See

Moody, supra, 374 F.Supp. 465, 480-83. In the end, "Whether a receiver merits a fee is based on the circumstances surrounding the receivership, and 'results are always relevant.'" S.E.C. v. Elliott, 953 F.2d 1560, 1577 (11th Cir. 1992) (quoting S.E.C. v. Moody, supra).

Analysis

In both motions, the Receiver and his counsel state:

> The Receiver is currently holding $4,983.79[1] in funds recovered from the Receivership Defendants, and the FTC is currently holding $19,495.43 in funds recovered pursuant to the Permanent Injunction from Hall and the Receivership Defendants, for a total of $24,479.22. The total amount the Receiver and his counsel, Holland & Knight LLP, are seeking in reimbursement for services and expenses from those funds is $21,154.80.

(Doc. 82, n.1; Doc. 83, n.1). This statement does not paint the complete picture. As set forth in the Final Report of the Receiver and the instant motions, the Receiver and FTC marshalled a total of $100,685.97 ($81,190.54 recovered by the Receiver plus $19,495.43 in funds held by the FTC). By prior Order, the Receiver was awarded $37,768.85 in compensation and $1,494.40 in expenses, and his counsel recovered $36,923.50 and $100 in expenses (Doc. 58). Combined with the $21,154.80 requested here, the Receiver and his counsel are seeking a total of $97,441.55 from the $100,685.97 collected. In my earlier Report and Recommendation, I voiced a concern that fees and costs will all but eliminate the estate. It appears that this has, unfortunately, come to pass.

*Motion for Receiver Compensation (Doc. 82)*

The Receiver seeks allowance and payment of compensation for services he

---

[1] Note this figure differs from the figure in the Final Report.

- 6 -

rendered during the period September 1, 2017 through June 6, 2018. The Receiver expended 6.40 hours of professional service during this period, at a rate of $400 per hour, for a total of $2,560.00. The motion is accompanied by a summary of the time expended and a biography of Mr. McDowell. It is represented that the FTC has no objection to the relief sought. Reviewing the appropriate factors supports the request.

    1. Results achieved by the Receiver and ability to afford fees and expenses

While I have no doubt that the Receiver has worked hard, the total costs and fees all but eclipse the estate. Thus, the results achieved are disproportionate to the effort expended. As I noted previously, normally such a situation counsels against a full award, in order to preserve a portion of the estate for the intended beneficiaries. Here though, based on the limited amounts recovered and the costs associated with redress to consumers, the FTC advises that it does not anticipate implementing a process for redress to consumers adversely affected by Defendants (Doc. 48, n. 2). And, the few hours expended by the Receiver since the prior award reflect a consideration for the limited yield. I therefore conclude that the limited results of the Receiver's efforts is not a reason to reduce an otherwise reasonable award.

    2. Ability, reputation and professional qualities of the Receiver/ the <u>Johnson</u> factors

The Receiver claims that the hourly rates charged by him are "at or well below the customary rates of those charged by attorneys of comparable experience and skills from other law firms located in the Middle District of Florida." He further notes that his customary hourly rate when acting as counsel is $550.00, and he has agreed to discount his hourly rate to $400.00 for this matter.

Mr. McDowell is well-known to this Court, and his experience and skill, as detailed in the biographical information attached to the motion, support the generous rate he

claims here. My only objection, as noted above, is that this rate serves to erode a limited estate that much quicker. Nonetheless, the remaining <u>Johnson</u> factors support the rate.[2] I find these factors support the request.

    3. Time required to conclude receivership

The motion is unclear as to what steps will be pursued to bring this matter to a final conclusion but, based on the Final Report, it appears that disposal of equipment is all that is required at this point. This factor is therefore neutral in the analysis.

After considering all of these factors, I recommend approval of the Receiver's hourly rate, hours worked, and total fees sought ($2,560.00). The hourly rate and the nature and amount of time spent is reasonable and consistent with approvals in other cases in this district. <u>See</u>, <u>e.g.</u> <u>FTC v. J. William Enterprises, LLC, et al.,</u> Case No. 6:16-cv-02123-GAP-DCI (M.D. Fla. Oct. 2, 2017).

It is **respectfully recommended** that the motion be **granted** as follows:

    (1) The Court enter an Order awarding the Receiver $2,560.00 in compensation for services rendered.

    (2) The Court authorize the Receiver to pay the amount awarded as funds become available from the Receivership Account.

### Motion for Attorney Compensation (Doc 83)

The Receiver seeks allowance and payment of compensation to Holland & Knight LLP ("H&K") for services rendered from September 1, 2017 through June 6, 2018. H&K

---

[2] It does not appear that this matter, in general, is novel or complex, although the nature of Defendants' business practices was unusual. Acceptance of the work did not preclude the Receiver from other employment. The Receiver's fee is below that usually charged for his work as counsel. As his compensation is subject to Court approval, the work performed by the Receiver was contingent, in that respect. The nature of a receivership is such that some time limitations were imposed. There is nothing undesirable about the work. The Receiver has no professional relationship with Defendants, so this factor is not relevant.

claims to have incurred $18,550.50 in legal fees and $44.30 in expenses for the time period, consisting of 55.60 hours of work performed by the following professionals, at rates ranging from $210 to $400 per hour:

| NAME | BAR ADMISSION | BILLED RATE | TOTAL HOURS WORKED | TOTAL AMOUNT BILLED |
|---|---|---|---|---|
| Davis, R. | 2010 | $325/340.00 | 7.4 | $2,441.00 |
| Fitzgerald, E. | 2005 | $400.00 | 24.60 | $9,840.00 |
| Gilbert, S. | 1996 | $400.00 | 6.70 | $2,680.00 |
| Jenkins, H. | 2015 | $210/225.00 | 16.90 | $3,589.50 |
| **SUBTOTAL** | | | **55.60** | **$18,550.50** |

The motion is accompanied by biographies of the four attorneys and a time and expense report. As with the motion for Receiver's compensation, the motion is not opposed by the FTC. Review of the Johnson factors supports recommendation of a somewhat more limited award.

*Time and labor required, amount involved and results obtained*

As detailed in H&K's time and expense report, counsel spent time assisting the Receiver to marshal and inventory the assets. While I find most of this time to be appropriate, I note that the request includes 15.4 hours in time spent to draft, review and file the previous motions for compensation.[3] While getting paid is always important, the expenditure of this time by four attorneys is excessive considering that it did not provide any benefit to the estate and the instant motions required only 6.5 hours to prepare. See Mr. Fitzgerald's billing entries of 3/12, 3/15, and 3/21/2018. In total, counsel seeks

---

[3] According to the time sheets: Mr. Fitzgerald spent 5.6 hours, billed at $400 per hour; Mr. Davis spent 1.6 hours at $325 per hour; Ms. Gilbert spent .4 hours at $400 per hour; and Ms. Jenkins spent 7.8 hours, at $210 per hour, for a total of $4,558.00 in fees to draft the first fee motions.

reimbursement of $7,158.00, well over a third of the total fees sought here, solely for drafting and filing motions for compensation. I find the 21.9 total hours claimed for this task should have been reduced in the exercise of billing judgment, especially considering the limited results obtained. Of the $7,158.00 in fees incurred for this task, I recommend a reduction of $2,000.

As for the other time charges, I reiterate my reluctance to allow an award of substantially all of the time charged, in view of the limited assets of the estate. The results obtained would not normally justify the expenditure of this much time and expense. Viewed on its own merits, however, the time and labor spent seems reasonable for the reasons set forth above.

*Novelty and Difficulty of the Issues*

This factor is neutral. As the motion notes, the preservation of physical assets issues were typical of a receivership, but the nature of Defendants' debt collection practices presented unique issues.

*Skill Required*

H&K are well experienced in receivership matters and the docket reflects no exceptional expertise was required. This factor supports an award that is in keeping with a usual – not exceptional - case.

*Preclusion from other work and undesirability of the case*

H&K represents that it was not precluded from other work and the case was not undesirable. These factors are neutral.

*Contingent Nature of the Representation*

H&K's compensation in this matter is subject to final Court approval and is, in that sense, contingent. This factor favors a full award.

*Time Limitations*

I agree that this case has imposed time limitations on H&K because of the need to resolve many issues rapidly and efficiently, including but not limited to the asset seizure to preserve the assets of Defendants. This factor favors the requested award.

*The Nature and Length of the Professional Relationship*

H&K had no professional relationship with Defendants or any of their respective principals or employees prior to the institution of this case, but H&K has served as counsel for receivers in other actions commenced by the FTC. This factor is neutral.

*The Experience, Reputation and Ability of Counsel and Customary Fee*

Four attorneys plus the Receiver worked on this file. According to the biographical information provided, Ms. Jenkins was admitted to the bar in 2015. The rate of $210 for a newly minted attorney is on the high side in this community, but is not so high as to be unreasonable. Mr. Davis is an associate with more experience and his rate is represented to be at or below that charged by attorneys of comparable experience and skills in this area. Mr. Fitzgerald is senior counsel, with particularized experience in bankruptcy, creditor's rights and commercial litigation. His discounted rate ($400) is within a reasonable range for such experienced counsel. Ms. Gilbert, a partner at the firm, represents that she has discounted her customary rate from $605.00 to $400.00 for this matter. This rate is reasonable for partner level work in this area. Absent objection, I find these rates to be within the customary range awarded in this district for similar services by this firm. See, e.g., FTC v. Direct Benefits Group, LLC, Case No. 6:11-cv-1186-ORL-28TBS (M.D. Fla. Nov. 18, 2013) (discussing hourly rates between $210 and $400 – agreed to by the FTC).

- 11 -

Considering the totality of all the factors, an award of $16,550.50 ($18,550.50 minus $2,000) in legal fees is reasonable and should be approved.

H&L claims $44.30 in expenses, itemized as PACER charges and a photocopy charge (Doc. 83 at 14). These expenses appear to be reasonable and necessary and I recommend that they be awarded.

It is **respectfully recommended** that the motion be **granted, in part** as follows:

(1) The Court enter an Order awarding Holland & Knight LLP $16,550.50 in compensation for services rendered and $44.30 in reimbursement of expenses.

(2) The Court authorize the Receiver to pay the amounts awarded as funds become available from the Receivership Account and those funds recovered directly by the FTC.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 18, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties